EXHIBIT "A"

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Jeffrey McGonegal
Riot Blockchain, Inc.
202 6TH ST STE 401
CASTLE ROCK, CO 80104-1724

SOP Transmittal # 537529117

800-592-9023 - Telephone

Entity Served: Riot Blockchain, Inc. (Domestic State: NEVADA) (Served as RIOT BLOCKCHAIN INC., Dft. // To: RIOT BLOCKCHAIN INC. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of NEVADA on this 13 day of April, 2020. The following is a summary of the document(s) received:

1. **Title of Action:** KASHWISE GLOBAL FUNDING SOLUTIONS INC., Pltf. vs. RIOT BLOCKCHAIN INC., Dft. // To: RIOT BLOCKCHAIN INC.

2. **Document(s) Served:** Other: -

3. **Court of Jurisdiction/Case Number:** None Specified
   Case # NONE

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:     _X_ Process Server     ___ Law Enforcement     ___ Deputy Sheriff     ___ U.S Marshall
   ___ Delivered Via:            ___ Certified Mail     ___ Regular Mail       ___ Facsimile
   ___ Other (Explain):

6. **Date and Time of Receipt:** 04/13/2020 11:43:00 AM CST

7. **Appearance/Answer Date:** None Specified

8. **Received From:** None Specified            9. **Carrier Airbill #** 1ZY041160196146114

                                                10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air


NATIONAL REGISTERED AGENTS, INC.          CopiesTo:


Transmitted by   Amy McLaren


The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

Filing # 105987739 E-Filed 04/07/2020 10:08:48 PM

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

KASHWISE GLOBAL FUNDING
SOLUTIONS INC.

    Plaintiff

vs.

RIOT BLOCKCHAIN INC.

    Defendant

CIVIL DIVISION
CASE NO.:

.E _____ TIME _____

.ITIAL _____ BADGE# _____

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the following Defendant:

RIOT BLOCKCHAIN INC.
c/o National Registered Agents, Inc.
701 S CARSON ST STE 200,
Carson City, NV, 89701, USA

or c/o the Secretary of State P.O. Box 6327, Tallahassee Fl 32314

### IMPORTANT
    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE
    Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una

12100

llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

Plaintiff's Attorney:
Law Offices of Victor K. Rones, P.A.
16105 NE 18 Ave,
North Miami Beach Fl, 33162
Tel: (305) 945-6522
Fax: (305) 944-2277
Primary Email: law@victorkronespa.com
By s/Victor K. Rones
   Victor K. Rones, Esquire
   Fla Bar # 245178

DATED ON _____APR 08 2020_____

Clerk of The Circuit Court
By:

As Deputy Clerk   BRENDA D. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Broward County Courthouse Room 470, 201 S.E. sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711..

Filing # 105987739 E-Filed 04/07/2020 10:08:48 PM

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

KASHWISE GLOBAL FUNDING
SOLUTIONS INC.

      Plaintiff

vs.

RIOT BLOCKCHAIN INC.

      Defendant

CIVIL DIVISION
CASE NO.:

DATE _____ TIME _____

INITIAL _____ BADGE# _____

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the following Defendant:

RIOT BLOCKCHAIN INC.
c/o National Registered Agents, Inc.
701 S CARSON ST STE 200,
Carson City, NV, 89701, USA

or c/o the Secretary of State P.O. Box 6327, Tallahassee Fl 32314

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

    Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una

llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en ls guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

Plaintiff's Attorney:
Law Offices of Victor K. Rones, P.A.
16105 NE 18 Ave,
North Miami Beach Fl, 33162
Tel: (305) 945-6522
Fax: (305) 944-2277
Primary Email: law@victorkronespa.com
By_s/Victor K. Rones_
   Victor K. Rones, Esquire
   Fla Bar # 245178

DATED ON _____APR 08 2020_____

                                      Clerk of The Circuit Court
                                      By:

                                      As Deputy Clerk    BRENDA D. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Broward County Courthouse Room 470, 201 S.E. sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711..

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

KASHWISE GLOBAL FUNDING
SOLUTIONS INC.

CIVIL DIVISION
CASE NO.:

Plaintiff

vs.

RIOT BLOCKCHAIN INC.

Defendant

_____/

## COMPLAINT

NOW COMES, the Plaintiff, Kashwise Global Funding Solutions, Inc., ("Kashwise") by and through the undersigned counsel and sues the Defendant, Riot Blockchain Inc. ("Riot"), and as grounds therefore would show as follows:

### JURISDICTION/VENUE ALLEGATIONS

1. This is an action for damages in excess of $30,000.00 which is within the jurisdiction of this Court.

2. The Plaintiff is a Florida Corporation doing business in Broward County, Florida and is otherwise sui juris.

3. The Defendant, Riot, is a foreign corporation which does business within the state of Florida for services provided by Kashwise within the State of Florida.

### GENERAL FACTUAL APPLICATIONS

4. In 2018, Riot required funding in the nature of loan, investment and/or funding for its business operations.

   a. In November of 2018, the Chief Executive Officer, Chris Enesy, met with Steven Kashian of Kashwise in order to secure the funding described in this paragraph.

Page | 1

b. Pursuant to the meeting between the parties, it was agreed that upon Kashwise providing source of said funding, then and in that event, Riot would pay unto Kashwise consideration in the amount of $150,000 and 85,000 shares of the Defendant.

5. On November 28, 2018, in order to provide its financial documentation to obtain such funding, Riot prepared and executed a Confidentiality and Non-Disclosure Agreement with Kashwise which is attached as Exhibit 1.

6. In reliance of the oral agreement hereinbefore described, the Plaintiff commenced its services and seeking to obtain funding from various sources for Riot, including, but not limited to, Tangiers Capital and L2.

7. In December 2018, funding from a partnership of Tangiers Capital and L2 were put together for Riot, resulting in the applicable funding occurring and closing.

8. On January 30, 2019, the Plaintiff and Defendant confirmed the closing and that amounts were due to Plaintiff for its services.

9. Pursuant to the confirmation between the parties, the Plaintiff submitted the invoice attached as Exhibit 2 unto the Defendant.

10. Notwithstanding the foregoing, the Defendant failed to pay the Plaintiff any consideration for the services performed by Plaintiff.

11. Plaintiff complied with all conditions precedent to the institution of this action.

## COUNT I: BREACH OF ORAL AGREEMENT

12. The allegations set forth under Jurisdiction/Venue Allegations and General Factual Allegations.

13. Pursuant to the terms and provisions of the Oral Agreement, the Plaintiff provided sources of funding which were acceptable and providing funding unto Riot under the terms of the oral agreement.

14. The Plaintiff, relied on the terms of the oral agreement, and fully performed by providing sources of funding which were acceptable and providing funding unto Riot under the terms of the oral agreement.

15. The Defendant agreed to pay Plaintiff in accordance with the terms of the oral agreement but failed to pay the consideration agreed, thereby breaching and defaulting under the terms of the oral agreement.

16. The Plaintiff has been damaged in the amount of $150,000 and 85,000 shares of stock of the Defendant, plus prejudgment interest which is the amount that the Defendant had agreed to pay for the services performed.

WHEREFORE, the Plaintiff, Kashwise Global Funding Solutions, Inc demands Judgment against the Defendant, Riot, for $150,000 and the value of 85,000 shares plus prejudgment interest costs and such other relief as this Court may deem to be just and proper.

## COUNT II: OPEN ACCOUNT

17. The allegations set forth under Jurisdiction/Venue Allegations and General Factual Allegations.

18. The Defendant owes the Plaintiff $150,000.00 plus the value of 85,000 shares of the Defendant's stock, that is due with interest since January 30. 2019, according to the attached account (Exhibit 2).

WHEREFORE, the Plaintiff, Kashwise Global Funding Solutions, Inc demands Judgment against the Defendant, Riot, for $150,000 and the value of 85,000 shares plus prejudgment interest costs and such other relief as this Court may deem to be just and proper.

## COUNT III: QUANTUM MERUIT

19. The allegations set forth under Jurisdiction/Venue Allegations and General Factual Allegations.

20. Pursuant to the request and authorization of the Defendant, the Plaintiff provided valuable services of locating and introduction of financing sources as set forth herein.

21. Said valuable services were provided pursuant to the request and authorization of the Defendant, for which the valuable benefit of funding and financing were obtained and provided.

22. As a consequence of the foregoing, Plaintiff, has suffered a detriment in provide such services and is entitled to damages for the providing of such services.

23. The value of said services provided by Plaintiff, is the sum of $150,000.00 and value of the 85,000.00 shares of stock of the Defendant at that time, plus prejudgment interest.

WHEREFORE, the Plaintiff, Kashwise Global Funding Solutions, Inc demands Judgment against the Defendant, Riot, for $150,000 and the value of 85,000 shares plus prejudgment interest costs and such other relief as this Court may deem to be just and proper.

Date: April 7, 2020

                          Law Offices of Victor K. Rones, P.A.
                          Attorney for Plaintiff
                          16105 N.E. 18th Avenue
                          North Miami Beach, Florida 33162
                          Phone: (305) 945-6522
                          Email: law@victorkronespa.com
                          By: _s/Victor K. Rones___
                                Victor K. Rones, Esquire
                                FBN: 245178

**EXHIBIT 1**

## CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into as of this 12th day of NOV, 2018, by and between Kashwise Global Funding, Inc having a principal place of business at 920 Allemande Dr, Delray Bch FL ("Recipient") and Riot Blockchain, Inc., a Nevada corporation having its principal place of business at 834-F South Perry Street, Suite 443, Castle Rock, Colorado 80104 ("Riot").

WHEREAS, both parties, for their mutual benefit, desire that certain confidential information be disclosed for the objective of evaluating a working relationship. This confidential information should be protected from unauthorized dissemination. Confidential Information will relate to either parties financials, corporate documents, intellectual properties and pipeline products and their applications for both diagnostic tests and therapeutics.

NOW, THEREFORE, both parties agree that any confidential information received by the receiving party from the disclosing party shall be governed by the following terms and conditions:

### Definition

"Confidential Information" means any written or oral information or data with respect to the disclosing party and any affiliates thereof, which may be furnished to the receiving party or its employees, attorneys, accountants, agents or representatives, including, without limitation, all scientific, technical, business, or financial, including projections, financial statements, standard operating procedures, market analyses, cost and expense data, production data, pricing, trade secrets, intellectual properties and pipeline products and their applications for both diagnostic tests and therapeutics, clinical study design, procedures and operations, terms of agreements with suppliers and/or customers, marketing information and reference lists. The receiving party agrees that all Confidential Information shall be, and shall be treated as, proprietary and confidential whether or not the Confidential Information is so marked or designated. Such confidential information shall not include information which:

(a) is now or later made known to the public through no default by the Receiving party of its obligations under this Agreement;

(b) the Receiving party can show was in its possession prior to the earliest disclosure by the Disclosing party, as evidenced by written documents in its files;

(c) is rightfully received by the Receiving party from a third party having no obligation of confidentiality to the Disclosing party;

(d) is independently developed by the Receiving party by persons who did not have access to Confidential Information of the Disclosing party; or

(e) is disclosed by the Receiving party after receipt of written permission from the Disclosing party.

### Handling of Confidential Information

The receiving party agrees to treat such Confidential Information as confidential for a period of three (3) years from the date received, and will handle such Confidential Information with the same degree of care it uses to handle its own confidential information. There shall be no restriction on the handling of information which is not Confidential Information.

### Limitation on Disclosure

A party receiving Confidential Information from the other shall use its best efforts not to divulge, in whole or in part, such Confidential Information to any third party without the prior written consent of the transmitting party,

but only to the extent and during the period of time that such Confidential Information is to be treated as confidential under the foregoing provisions of this Agreement. Neither party shall be responsible, however, for unauthorized disclosures of Confidential Information by persons who are or who have been in its employ unless such party has failed to treat such Confidential Information as confidential in the manner described above, and handle such Confidential Information with the same degree of care it uses to handle its own confidential information.

### Restriction on Trading

As a result of the receiving party's possession of Confidential Information, the receiving party agrees to refrain from placing any trades in the stock or other securities of Riot at any time when the receiving party is in possession of any important information that may be deemed material inside information of Riot because the information has not yet been disclosed to the public in a press release or Securities and Exchange Commission (SEC) filing. In addition, the receiving party agrees to refrain from trading in the securities of other firms that are the subject of Riot' Confidential Information, including but not limited to those that are current or prospective customers or suppliers of Riot and those with which Riot may currently be negotiating. The receiving party also agrees to refrain from making any recommendations to its affiliates as to the purchase or sale of any of Riot' securities while in possession of material inside information.

### Remedies

Each party agrees that its obligations hereunder are necessary and reasonable in order to protect the other party's business, and expressly agrees that monetary damages could be inadequate to compensate the other party for any breach of any covenant or agreement set forth herein. Accordingly, each party agrees and acknowledges that any such violation may cause irreparable injury to the other party and that, in addition to any other remedies that my be available, in law, at equity or otherwise, the other party shall be entitled to seek injunctive relief against the threatened breach of the Agreement or the continuation of any such breach, without the necessity of proving actual damages. The prevailing party in any action enforcing this Agreement shall be entitled to recover reasonable attorney's fees and litigation costs in addition to any other available relief.

### Use of Confidential Information

Recipient agrees to use Confidential Information only (i) to evaluate its interest in a working relationship with the Disclosing party, and (ii) to pursue the business opportunity after the parties have agreed to do so, and agrees not to use Confidential Information for any other purpose. Recipient further agrees not to export any Confidential Information in violation of applicable U.S. export laws and regulations.

### Return of Information

Recipient shall deliver all such materials to the Disclosing Party upon the termination of this Agreement or at the request of the Disclosing Party, whichever is earlier.

### Required Disclosure

If Recipient is required by subpoena, court order, government regulation or similar process to disclose any Confidential Information, Recipient will promptly notify Disclosing party in writing of such requirement to provide Disclosing party an opportunity to seek an appropriate protective order or other confidential treatment thereof.

### Term

This Agreement and the confidential obligations herein shall terminate three (3) years from the date of this Agreement.

### Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of New York USA, without regard to its principles concerning the application of laws of other jurisdictions. Recipient agrees to be subject to the jurisdiction and venue of the courts within the State of New York USA.

### Mutual Disclaimer

No rights or obligations other than those expressly recited herein are to be implied from this Agreement. In particular, no license is hereby granted directly or indirectly under any patent now held by, or which may be obtained by, or which is or may be licensable by either party. Nothing contained herein shall be construed to grant Recipient any immunity or license under any intellectual property right of the Disclosing party.

### General

This Agreement shall not be assigned without the prior written consent of the other party.

This Agreement is the entire agreement between the parties concerning the disclosure of Confidential Information and supersedes all prior oral and written agreements between them. No waiver, modification or cancellation of any of the provisions of this Agreement shall be binding unless made in writing and signed by the party to be bound.

If any portion of this Agreement is held to be invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect without the invalid or unenforceable provisions.

The parties hereby represent and warrant that the officials signing this Agreement have the power to do so on behalf of the parties.

This Agreement or any notice or other communication required or permitted to be given to either party hereto shall be deemed delivered if delivered by facsimile, courier, express mail service, confirmed email delivery, or first-class registered or certified mail.

**RIOT BLOCKCHAIN, INC.**

By: _[signature]_
Name: Rob Chang
Title: CFO

Recipient

By: _[signature]_
Name: Steven Kashuba
Title: President

**EXHIBIT 2**

# Kashwise Global Funding, Inc.

Investment Banking     Global Funding Solutions     skashian@kashwiseinvestments.com

**Steven G. Kashian**
**President & CEO**

January 30, 2019

Riot Blockchain. Inc.
202 6th Street
Suite 401
Castle Rock, CO
80104

              **RE: Invoice for Consulting & Advisory Services**

Dear Sirs

On January 30, 2019 services were rendered for consulting & advisory to Riot Blockchain, Inc. Please remit in the amount of One Hundred & Fifty Thousand $150,000 dollars cash & Eighty-Five Thousand (85,000) shares of restricted stock from RIOT.

**Please Wire $150,000 Dollars to the wiring instructions below & deposit 85,000 restricted shares book entry at the Transfer Agent to Kashwise Global Funding, Inc.**

**Kashwise Global Funding, Inc.**
**Tax ID: 47-1039544**

**TD Bank**
**969 SE 5th Ave**
**Delray Beach, FL**
**33483**

**Kashwise Global Funding**

**ABA # 067014822**
**Account # 4303729309**

# Kashwise Global Funding, Inc.

Investment Banking       Global Funding Solutions       skashian@kashwiseinvestments.com

Steven G. Kashian
President & CEO

**Kashwise Global Funding**

Respectfully,

Steven G Kashian
President

# Kashwise Global Funding, Inc.

Investment Banking    Global Funding Solutions    skashian@kashwiseinvestments.com

Steven G. Kashian
President & CEO

January 30, 2019

Riot Blockchain. Inc.
202 6th Street
Suite 401
Castle Rock, CO
80104

**RE: Invoice for Consulting & Advisory Services**

Dear Sirs

On January 30, 2019 services were rendered for consulting & advisory to Riot Blockchain, Inc. Please remit in the amount of One Hundred & Fifty Thousand $150,000 dollars cash & Eighty-Five Thousand (85,000) shares of restricted stock from RIOT.

**Please Wire $150,000 Dollars to the wiring instructions below & deposit 85,000 restricted shares book entry at the Transfer Agent to Kashwise Global Funding, Inc.**

**Kashwise Global Funding, Inc.**
**Tax ID: 47-1039548**

TD Bank
969 SE 5th Ave
Delray Beach, FL
33483

**Kashwise Global Funding**

ABA # 067014822
Account # 4303729309

920 Allamanda Dr. Delray Beach, FL 33483
Phone: 561-654-7350 Google: 561-666-7350 www.kashwiseinvestments.com

# Kashwise Global Funding, Inc.

Investment Banking  Global Funding Solutions  skashian@kashwiseinvestments.com

Steven G. Kashian
President & CEO

Kashwise Global Funding

Respectfully,

Steven G Kashian
President

920 Allamanda Dr. Delray Beach, FL 33483
Phone: 561-654-7350 Google: 561-666-7350 www.kashwiseinvestments.com