UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60883-SINGHAL/VALLE

KASHWISE GLOBAL FUNDING SOLUTIONS INC.,

    Plaintiff,

v.

RIOT BLOCKCHAIN, INC.,

    Defendant.

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court on Defendant's Motion to Tax Costs (the "Motion") (ECF No. 53). United States District Judge Raag Singhal has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 54). The Court has reviewed the Motion and the record in this case. Plaintiff does not object to the relief sought in the Motion. (ECF No. 59). Accordingly, being fully advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

### I.    BACKGROUND

In 2018, Defendant sought to obtain a loan to fund its business operations. *See generally* (ECF No. 1-1). According to the Complaint, Plaintiff agreed to provide the requested funding to Defendant in exchange for $150,000 and 85,000 shares of Riot Blockchain, Inc. *Id.*; *see also* (ECF No. 49 at 2). Nonetheless, after Plaintiff assisted in obtaining funding for Defendant's business, Defendant allegedly failed to pay Plaintiff for its services. (ECF No. 1-1 at 8). Consequently, Plaintiff filed a Complaint against Defendant for breach of oral agreement (Count 1), open account (Count 2), and quantum meruit (Count 3). (ECF Nos. 1-1, 49 at 1).

On February 23, 2021, Defendant filed its motion for summary judgment, (ECF No. 25), which the Court granted as to all three counts in the Complaint. *See* (ECF No. 49). The Court then entered judgment in favor of Defendant and against Plaintiff. (ECF No. 50). Defendant now seeks to recover $3,961 in costs for clerk fees and transcript fees.[1]  *See* (ECF No. 53 at 3).

## II.   ANALYSIS

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). The particular items that may be taxed as costs are listed in 28 U.S.C. § 1920, and include, in pertinent part:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).

When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1332-33 (S.D. Fla. 2009) (Rosenbaum, Mag. J.). Here, however, Plaintiff does not object to the Motion. (ECF No. 59). In the absence of an objection and based on the Court's independent

---

[1] These costs are broken down as follows: (i) $400 in filing fees; and (ii) $3,561 in transcript fees. *See* (ECF Nos. 53 at 3, 53-1).

knowledge and experience, the Court finds that the requested costs are reasonable and properly recoverable under the law. *See* 28 U.S.C. § 1920(1)-(2). Accordingly, the undersigned recommends that the Motion be **GRANTED**.

### III.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion (ECF No. 53) be **GRANTED** and that judgment be entered to award Defendant costs of $3,961.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on December 22, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record