UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60883-SINGHAL/VALLE

KASHWISE GLOBAL FUNDING SOLUTIONS, INC.,

    Plaintiff,

v.

RIOT BLOCKCHAIN, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Defendant Riot Blockchain, Inc.'s Verified and Unopposed Motion for Attorneys' Fees (ECF No. 55) (the "Motion"). United States District Judge Raag Singhal has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 56). For the reasons discussed below, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART**, and that Defendant be awarded $83,571.75 in attorneys' fees.

### I.    BACKGROUND

Plaintiff Kashwise Global Funding Solutions, Inc., filed this action in state court against Defendant Riot Blockchain, Inc., alleging breach of oral agreement (Count 1), open account (Count 2), and quantum meruit (Count 3). (ECF Nos. 1-1, 49 at 1). On May 1, 2020, Defendant removed the action to federal court based on diversity jurisdiction. (ECF No. 49 at 1).

On February 3, 2021, Defendant served Plaintiff with a proposal for settlement pursuant to Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442. *See* (ECF Nos. 18, 55 at 1). Plaintiff did not accept the proposal. *See* (ECF No. 55 at 2). Thereafter, in the Joint Pre-Trial

Stipulation, the parties agreed that "[i]f Defendant prevails in [the] action . . . then Defendant will be entitled to recover its reasonable costs and attorney's fees from the date of the expiration and rejection of the [proposal for settlement]." (ECF No. 39 at 7).

On August 12, 2021, this Court granted summary judgment in favor of Defendant on all counts in the Complaint and entered judgment in favor of Defendant. (ECF Nos. 49, 50). The instant Motion followed. (ECF No. 55). In the Motion, Defendant seeks an award of attorneys' fees pursuant to Local Rule 7.3(a), Florida Statute § 768.79, and Florida Rule of Civil Procedure 1.442. *See generally* (ECF No. 55). According to the Motion, the parties have conferred and Plaintiff does not oppose the relief requested either as to entitlement or amount. *Id*. at 2, 7-8.

## II.     LEGAL STANDARDS AND ANALYSIS

Under the "American Rule," litigants are generally not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res*., 532 U.S. 598, 602 (2001). Florida law, however, provides that in "a civil action for damages," a defendant who files an offer of judgment that is not accepted by the plaintiff within 30 days, "shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . if the judgment is one of no liability." Fla. Stat. § 768.79(1); *see also Roiz v. Wal-Mart Stores E., LP*, No. 17-CV-21491, 2018 WL 5098973, at *2 (S.D. Fla. Aug. 2, 2018) (citing to *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, 725 F. App'x 906, 907-08 (11th Cir. 2018)).

In determining whether § 768.79 applies in this diversity action, the undersigned is required to apply Florida law. *See Divine Motel Grp., LLC v. Rockhill Ins. Co*., 722 F. App'x 887, 889 (11th Cir. 2018); *see also Walker v. Bozeman*, 243 F.Supp.2d 1298, 1304 (N.D. Fla. 2003) (noting that § 768.79 is fully applicable in federal diversity cases); *Menchise v. Akerman Senterfitt*, 532

2

F.3d 1146, 1150 (11th Cir. 2008) (concluding that § 768.79 can be applied in federal courts in Florida).

Courts generally agree that § 768.79 must be strictly construed because it is "in derogation of the common law rule that parties are responsible for their own attorney's fees." *Campbell v. Goldman*, 959 So.2d 223, 226 (Fla. 2007); *Winter Park Imps., Inc. etc. v. JM Fam. Enters.*, 66 So.3d 336, 340 (Fla. Dist. Ct. App. 2011); *Palm Beach Polo Holdings, Inc. v. Equestrian Club Ests. Prop. Owners Ass'n, Inc.*, 22 So.3d 140, 144 (Fla. Dist. Ct. App. 2009). Moreover, because § 768.79 is penal in nature, it must be construed in favor of the party against whom the penalty is sought and is not to be extended by construction. *Sarkis v. Allstate Ins. Co.*, 863 So.2d 210, 223 (Fla. 2003); *Winter Park*, 66 So.3d at 340; *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 372 (Fla. 2013) (internal citations omitted).

Here, because Final Judgment was entered in favor of Defendant and Plaintiff did not accept Defendant's good faith offer of judgment, Defendant is entitled to recover its reasonable attorneys' fees from the date of filing the offer of judgment. *Roiz*, 2018 WL 5098973, at *2 n.2. This conclusion is further supported by the parties' agreement in the Joint Pre-Trial Stipulation to Defendant's entitlement to reasonable attorneys' fees if Defendant prevailed in the action. *See* (ECF No. 39). Moreover, the undersigned has reviewed counsel's billing records. (ECF No. 55-3 at 2-24). Defendant requests an award for 269.3 hours expended by counsel (124.3 hours by attorney Hazelip, 99.7 hours by attorney Horovitz, and 45.3 hours by attorney Kelley).[1] *Id*. Although Plaintiff has not objected to the Motion, the Court must nonetheless ensure that counsel

---

[1] The Court has also reviewed counsel's qualifications and experience and finds that the discounted hourly rates charged by the attorneys ($460 for attorney Hazelip, $335 for attorney Horovitz, and $290 for attorney Kelley, respectively) are reasonable in the South Florida legal community. (ECF No. 55 at 6).

has exercised billing judgment in their requested fees. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

After a review of the billing records, the undersigned finds that some adjustment is necessary to account for several instances of block billing, which is the practice of including multiple distinct tasks within the same time entry. *See Interim Healthcare, Inc. v. Heath Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at *6 (S.D. Fla. Nov. 27, 2019). To illustrate, without specifying how much time was spent on each task, the approximately three hour time entry for May 6, 2021 reflects "[w]ork on pretrial stipulation and corresponding witness and exhibit list; [w]ork on proposed filings of fact and conclusions of law[.]" (ECF 55-3 at 10). Similarly, on May 25, 2021, counsel billed approximately six hours to "[w]ork on pretrial preparation issues; [r]eview of revised exhibits from Plaintiff and analysis of objections for same; [w]ork on supplemental exhibits for Defendant; [w]ork on edits to pretrial stipulation; [m]eeting to finalize same; [w]ork on additional edits to same; [c]orrespondence regarding plaintiff's intention not to timely file proposed findings of fact and conclusions of law; [w]ork on edits to proposed findings of fact and conclusions of law; [f]inalize and file same and notice of filing of same; [c]orrespondence with Court regarding same[.]"[2] *Id*.

While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *Interim Healthcare, Inc.*, 2019 WL 6791465, at *6. Because of block billing, however, it is impossible for the undersigned "to ascertain how

---

[2] Additional examples of block billing include: (i) 3/18/2021 entry for 5.90 hours for "[r]eview and analysis of Plaintiff's response to summary judgment motion; [c]onfer with C. Hazelip regarding same; [b]egin working on reply in response to same and research for same;" and (ii) 5/4/2021 entry for .90 hours for "[w]ork on disclosure statement; [w]ork on draft pretrial stipulation; [w]ork on draft findings of fact and conclusion of law[.]" *Id*. at 3, 10.

much time was spent on each task." *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013); *Maiden Specialty Ins. Co. v. Three Chefs & a Chicken, Inc.*, No. 12-CV-22724, 2014 WL 11429052, at *10 (S.D. Fla. Jan. 28, 2014), *report and recommendation adopted*, 2014 WL 11429053 (S.D. Fla. Mar. 13, 2014) (reducing fees for block billing where court was unable to determine if the amount of time spent on each task was reasonable); *Estrada v. Alexim Trading Corp.*, No. 10-CV-23696, 2012 WL 4449470, at *11 (S.D. Fla. Sept. 26, 2012) (reducing hours for block billing where counsel failed to separate the entries to allow the court to properly determine whether a reasonable amount of time was spent reviewing a particular filing as opposed to conferring about the filing).

For the foregoing reasons, the undersigned concludes that a minor reduction in the requested fees is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 10% reduction to the amount of fees requested to account for counsel's block billing. *See, e.g.*, *Interim Healthcare, Inc.*, 2019 WL 6791465, at *6 (recommending a 10% reduction for billing inefficiencies); *Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *4 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F.Supp.3d 1290, 1306 (S.D. Fla. 2017) (adopting 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22,

2015) (adopting a 30% reduction to counsel's hours for use of block billing). Consequently, the undersigned recommends that Defendant be awarded $83,571.75 in attorneys' fees.[3]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART,** and Defendant be awarded $83,571.75 in attorneys' fees.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on January 10, 2022.

*Alicia O. Valle*
HONORABLE ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record

---

[3] This sum consists of $92,857.50 (the fees requested) x .90 = $83,571.75 (reflecting 10% reduction for block billing). *See Dial HD*, 536 F. App'x at 931 (noting that where an hour-by-hour review is impractical, the Court can cut either the total number of hours or the lodestar amount).